UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ISMAEL A. RAMIREZ, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 5:22-cv-01134 |
| VEHICLE LENDERS GROUP LLC D/B/A TRUCKLENDERS USA, and EQUIFAX INFORMATION SERVICES, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** Ismael A. Ramirez ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Vehicle Lenders Group LLC, doing business as, TruckLenders USA, ("TruckLenders"), and Equifax Information Services, LLC ("Equifax"), (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendants conduct business in the Western District of Texas and all of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in San Antonio, Texas.

5. Defendant TruckLenders' principal place of business is located at 415 Crossways Park Drive Suite C Woodbury, New York 11797. TruckLenders is a leading commercial truck financing company who offers customized leasing solutions to customers across the United States including in the state of Texas. TruckLenders is a furnisher of information to the major credit reporting agencies, including Equifax.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois. Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

## BANKRUPTCY CASE

7. In or around July of 2012, Plaintiff opened multiple lines of credit with Trucklenders to finance his vehicle totaling roughly $70,869 ("Subject account").

8. In 2018, Plaintiff could not continue to afford his monthly payment on the subject account, causing Plaintiff to fall behind.

9. On December 11, 2018, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Western District of Texas, Case number 18−52935−CAG ("bankruptcy").

10. Schedule D of the bankruptcy petition listed all secured pre-petition debts to TruckLenders, secured by the subject accounts.

11. Because Plaintiff listed TruckLenders as creditor, the Bankruptcy Noticing Center ("BNC") served it with a notice of Plaintiff's bankruptcy filing.

12. Plaintiff fully performed his duties as was required under the terms of his Chapter 7 bankruptcy.

13. On April 30, 2019, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case discharging all dischargeable debts, including the loans related to the subject accounts.

14. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject account by TruckLenders, or any other party.

15. Plaintiff's personal liability on the subject accounts were extinguished via his bankruptcy discharge, thus terminating the business relationship with TruckLenders, and any of their successors and assigns.

### CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EQUIFAX & EXPERIAN

16. In January 2022, Plaintiff accessed his credit reports to determine whether his creditors were reporting accurate and complete information in his credit files. Plaintiff discovered Defendants were reporting multiple inaccurate and incomplete information in his Equifax credit file.  As a result, Plaintiff initiated the dispute process to try and resolve these credit reporting errors by Defendants.

17. Specifically, Equifax was reporting the subject account with a balance of $8,746, a status of "closed," a remark of "Voluntary Repossession" and no indication Plaintiff's liability was severed in his bankruptcy. Moreover, Equifax reported the subject account with a status of "Late 90 Days."

18. The reporting of the subject account was inaccurate, incomplete, and materially misleading because the subject account was discharged in Plaintiff's bankruptcy on April 30, 2019.

### a. Plaintiff's Dispute Letters to Equifax

19. On January 14, 2022, Plaintiff sent a written credit dispute letter to Equifax, requesting them to review the completeness, accuracy and appropriateness of the subject account.

20. Among other things, Plaintiff's first dispute letter stated the following:

> "I challenge the accuracy compliance and report-ability of this listing. VHCLE LENDRS Account Number: 60388. Please provide proof that this account is reporting accurate or DELETE from my report."

21. Unfortunately, Equifax failed to respond to Plaintiff's dispute letter from January 2022.

22. On February 14, 2022, Plaintiff sent a second written credit dispute letter to Equifax, requesting them to review the completeness, accuracy and appropriateness of the subject account.

23. Among other things, Plaintiff's second dispute letter stated the following:

> "The following account was a Bankruptcy/Charge-off. TRUCKLENDERS USA Account Number: 60388.
> Balance should be $0. Please ensure that all information is accurate."

24. Thereafter, On February 25, 2022, Plaintiff sent a third written credit dispute letter to Equifax, requesting them to review the completeness, accuracy and appropriateness of the subject account.

25. Among other things, Plaintiff's third dispute letter stated the following:

> "The following account was a Bankruptcy/Charge-off. TRUCKLENDERS USA Account Number: 60388.
> Balance should be $0. Please ensure that all information is accurate."

26. Unfortunately, Equifax failed to respond to Plaintiff's dispute letters from February 2022.

27. Again, On March 25, 2022, Plaintiff sent a fourth written credit dispute letter to Equifax, requesting them to review the completeness, accuracy and appropriateness of the subject account.

28. Among other things, Plaintiff's fourth dispute letter stated the following:

> "The following account was a Bankruptcy/Charge-off.
> Balance should be $0. VEHLENGRP Account Number: 60388.
> Please ensure that all information is accurate."

29. Once again, Equifax failed to respond to Plaintiff's dispute letter from March 2022.

30. In a final effort to resolve the errors on his credit report, Plaintiff mailed a fifth and final dispute letter to Equifax requesting them to review the completeness, accuracy and appropriateness of the subject account.

31. Plaintiff's fifth and final dispute letter to Equifax stated the following:

> "The following account was a Bankruptcy/Charge-off.
> Balance should be $0. VHCLE LENDRS Account Number: 60388.
> Please ensure that all information is accurate."

32. Upon information and belief, TruckLenders received each one of Plaintiff's dispute letters from Equifax within five days of Equifax receiving Plaintiff's dispute letters. *See* 15 U.S. Code §1681i(a)(2).

33. Despondently, all of Plaintiff's disputes were ignored and the subject account was never updated correctly.

### b. Equifax's Failure to Correct Inaccurate Reporting

34. Equifax never responded to Plaintiff's dispute letters, failed to properly investigate Plaintiff's dispute and continued to report the account with a balance of $8,746, a status of "closed," a remark of "Voluntary Repossession" and no indication Plaintiff's liability was severed in his bankruptcy. Moreover, Equifax reported the subject account with a status of "Late 90 Days."

35. More notably, Equifax failed to report the TruckLenders trade line as discharged in bankruptcy and failed to report the subject account as disputed.

36. The reporting of the TruckLenders trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is delinquent, is still obligated to pay a monthly payment, a Voluntary Repossession was initiated, and the TruckLenders debt was "open" after Plaintiff's bankruptcy discharge. Plaintiff is no longer personally liable on the subject account by virtue of his bankruptcy discharge on April 30, 2019.

**IMPACT OF CONTINUING
INCORRECT REPORTING ON PLAINTIFF'S CREDIT FILE**

37. As of today, Defendants' erroneous reporting continues to paint a false and damaging image of Plaintiff. Defendants have yet to update their reporting to accurately reflect the discharged status of the subject account.

38. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, credit capacity, and his ability to move forward after his bankruptcy discharge.

39. The inaccurate and incomplete reporting of subject account continue to have significant adverse effects on Plaintiff's credit rating and severely affects his ability to obtain financing because it creates a false impression that Plaintiff is in default on the subject account and is still obligated to pay a scheduled monthly payment, rendering Plaintiff a high-risk consumer and damaging his creditworthiness.

40. The inaccurate reporting of the TruckLenders account caused Plaintiff to be denied of financing opportunities.

41. Additionally, Plaintiff was forced to purchase services Freedom Market Pro Inc. to monitor and clean his credit report and subject account.

42. Plaintiff suffered monetary damages he otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the subject accounts after Plaintiff's detailed disputes.

43. As a result of the conduct, actions, and inaction of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit opportunity, time, and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

44. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting.

### COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST TRUCKLENDERS)

45. Plaintiff restates and reallages paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

47. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

48. TruckLenders is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

49. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

50. TruckLenders violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, and Plaintiff.

51. TruckLenders violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

52. Had TruckLenders reviewed the information provided by Equifax, and Plaintiff, it would have corrected the inaccurate designation of the subject account, transmitting the correct information to Equifax. Instead, TruckLenders wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

53. TruckLenders violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's disputes with Equifax.

54. TruckLenders violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate, incomplete, and misleading reporting with respect to the subject account.

55. TruckLenders violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing on Plaintiff's credit files.

56. TruckLenders failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Equifax under 15 U.S.C. §1681i(a)(1).

57. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, TruckLenders did not correct the errors or the trade line to report accurately and completely. Instead, TruckLenders wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's disputes to one or more third parties.

58. Moreover, TruckLenders failed to report the subject account as discharged in bankruptcy on multiple occasions.

59. A reasonable investigation by TruckLenders would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's credit files.

60. Had TruckLenders taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading credit reporting. Plaintiff provided all relevant information to support his valid disputes in his requests for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

61. By deviating from the standards established by the FCRA, TruckLenders acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax and Experian.

**WHEREFORE,** Plaintiff ISMAEL A. RAMIREZ, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing that TruckLenders immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

62. Plaintiff restate and realleges paragraphs 1 through 61 as though fully set forth herein.

63. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

64. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

65. At all times relevant, the above-mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

66. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

67. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

68. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

69. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

70. Plaintiff provided Equifax with all relevant information in his request for investigation and reinvestigation to reflect his bankruptcy discharge and that he is no longer personally liable for the subject account.

71. Equifax prepared an incomplete consumer report of Plaintiff by failing to completely and accurately notate that Plaintiff is disputing the reporting of the subject account in violation of 15 U.S.C. §1681c(f).

72. Moreover, Equifax failed to report the TruckLenders trade line as discharged in bankruptcy.

73. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed bankruptcy and received a discharge.

74. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false, incomplete, and materially misleading consumer reports concerning Plaintiff.

75. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

76. Had Equifax taken any steps to investigate Plaintiff's valid disputes, it would have determined that subject account was discharged in Plaintiff's bankruptcy on April 30, 2019.

77. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to TruckLenders. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to TruckLenders regarding Plaintiff's disputes that Equifax received from Plaintiff.

78. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

79. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's disputes.

80. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from TruckLenders that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

81. Equifax violated 15 U.S.C. §1681c(f) by failing to notate that Plaintiff disputed the reporting of the subject account. Equifax is required to notate each account that a consumer disputes in each consumer report that includes the disputed information.

82. After Plaintiff's written detailed disputes, Equifax had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject account.

83. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the TruckLenders trade line as delinquent, with a balance of $8,746, a status of "closed," a remark of "Voluntary Repossession" and no indication Plaintiff's liability was severed in his bankruptcy. Moreover, Equifax reported the subject account with a status of "Late 90 Days."

84. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

85. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate, incomplete, and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

86. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

87. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

88. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately and completely.

89. Equifax acted reprehensively and carelessly by reporting and re-reporting Plaintiff as continually delinquent on the subject account after Plaintiff was discharged in bankruptcy.

90. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

91. As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff ISMAEL A. RAMIREZ, respectfully pray this Honorable Court for the following relief:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;
   c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
   d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
   g. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: October 18, 2022                                             Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.,
Lombard, IL 60148
Phone: (630) 537-1770
Fax: (630) 575-8188
mdaher@sulaimanlaw.com